IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SABRINA MILLER-CHISLEY, et al | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil No. WGC-05-250 |
| | ) | |
| BRADWAY TRUCKING, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM OPINION**

Plaintiffs, the beneficiaries of decedent Michael Miller and the personal representatives of his estate, brought this action against Bradway Trucking, Inc. ("Bradway") alleging wrongful death and negligent entrustment[1] as well as asserting a survivorship claim. The parties consented to proceed before a United States Magistrate Judge for all further proceedings in the case and the entry of a final judgment. *See* Docket Nos. 21-22, 26. Pending before the court and ready for resolution is Plaintiffs' Motion for Partial Summary Judgment on the Issue of Contributory Negligence (Docket No. 46). Defendant filed a Memorandum in Response (Docket No. 51), and Plaintiffs a Reply (Docket No. 55). No hearing is deemed necessary and the court now rules pursuant to Local Rule 105.6 (D. Md.).

**I. BACKGROUND**

On November 4, 2003, between 5:50 - 6:00 a.m., Joseph A. Jobes ("Jobes") was operating a tractor-trailer owned by Bradway on northbound U.S. Route 301 near Queenstown on Maryland's Eastern Shore. Jobes struck the rear of a street sweeper operated by Floyd

---

[1] This Count was dismissed with prejudice. *See* Docket No. 62.

1

Dilsaver.  This collision resulted in the Bradway tractor-trailer overturning and landing on it side blocking both northbound lanes of traffic.  Thereafter, Michael Miller ("Miller"), operating a tractor-trailer and traveling northbound on U.S. Route 301 behind the Bradway tractor-trailer, collided with the overturned Bradway vehicle.  This second collision resulted in Miller's tractor-trailer careening across the median, across the southbound lanes of U.S. Route 301 and ultimately resting against a tree on the shoulder of southbound U.S. Route 301.  Miller died on the scene from injuries he sustained.

Defendant admits its former employee, Jobes, did not use reasonable care when he operated its tractor-trailer on November 4, 2003 and is thus primarily negligent.  Because the record is devoid of facts giving rise to an inference or creating a jury issue as to Miller's contributory negligence in causing the motor vehicle accident, Plaintiffs argue they are entitled to an entry of summary judgment on the issue of Miller's contributory negligence.

## II. STANDARD OF REVIEW

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate.  *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrision v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950).  The moving party bears the burden of showing that there is no genuine issue as

to any material fact. Fed. R. Civ. P. 56(c); *Pulliam Inv. Co.*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must construe the facts alleged in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Gill v. Rollins Protective Servs. Co.*, 773 F.2d 592, 595 (4th Cir. 1985). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 323. On the other hand, on those issues on which the nonmoving party will have the burden of proof, it is that party's responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *Anderson*, 477 U.S. at 256. However, "'[a] mere scintilla of evidence is not enough to create a fact issue.'" *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting *Seago v. North Carolina Theaters, Inc.*, 42 F.R.D. 627, 632 (E.D.N.C. 1966), *aff'd*, 388 F.2d 987 (4th Cir. 1967), *cert. denied*, 390 U.S. 959 (1968)). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

### III. DISCUSSION

This traffic accident occurred in the State of Maryland. There is no dispute that Maryland substantive law governs the issues in this case. Contributory negligence is a complete defense in Maryland. If a plaintiff's negligence was a cause of the injury, the plaintiff cannot recover damages. *Faith v. Keefer*, 127 Md. App. 706, 746, 736 A.2d 422, 443 (1999). The

defendant bears the burden of demonstrating by a preponderance of the evidence that plaintiff's own negligence was a cause of plaintiff's injury.

Plaintiffs contend there are no fact witnesses who will testify to any conduct by the decedent in operating his tractor-trailer that contributed to the collision. "There is neither physical, documentary nor photographic evidence . . . that permits either a presumption or inference that bears on Michael Miller's driving actions immediately prior to the accident with the Defendant's overturned tractor-trailer." Pls.' Mem. P. & A. Supp. Mot. Partial Summ. J. ¶ 7. Plaintiffs have identified two experts who will testify that Miller's driving neither caused nor contributed to the accident and also, that there was nothing Miller could do to avoid the accident. Plaintiffs assert that neither speed nor weather conditions such as fog or darkness caused or contributed to the accident. Furthermore, under Maryland law, Miller is entitled to the presumption that "'he exercised ordinary care for his own safety in accordance with the natural instinct of human beings to guard against danger.'" *Id.*, ¶ 20 (citation omitted). This presumption and the lack of any admissible evidence concerning Miller's contributory negligence dictate that the issue of contributory negligence not be submitted to the jury and that Plaintiffs are entitled to summary judgment on this issue.

In its Response Defendant argues there are genuine disputes of material fact which dictate denying Plaintiffs' summary judgment motion. Witnesses disagree about weather conditions. A couple of witnesses indicate there was no fog at the site of the accident, another suggests patchy fog, and a third heavy fog. Also, the witnesses disagree about how light or dark it was. Their testimonies range from dark to dusk or just becoming daylight. If either fog or lack of light was prevalent, Miller would have had an obligation to exercise greater care in operating

4

his tractor-trailer.  Further, there is evidence suggesting Miller traveled in excess of the speed limit, by 5 miles per hour.  This evidence means Miller violated Maryland law demonstrating negligence by Miller.  Defendant also cites the conclusions of the initial investigating police officer who concluded Miller contributed to the accident by not paying full time and attention.  Defendant rejects the analysis of Plaintiffs' experts as faulty based on certain assumptions they make.  For all these reasons, Defendant asks the court to deny Plaintiffs' motion.

In their Reply Plaintiffs claim Defendant has not proffered any evidence that Miller was negligent in the operation of the tractor-trailer or that fog contributed to the accident.  "The speeds of the several drivers at the time of the accident make it abundantly clear that neither fog nor visibility were factors in causing this accident. . . ."  Docket No. 55 ¶ 2.  To permit these alleged disputed facts to go to a jury would allow the jury to speculate that Miller was driving too fast for prevailing conditions or that it was foggy at the time of the accident.  Even if it was foggy, Plaintiffs assert Defendant has no admissible evidence indicating Miller was contributorily negligent.  Moreover, Plaintiffs challenge the findings of TFC Lewis documented on the MAARS Report as a hearsay statement of a lay witness and thus inadmissible.  Plaintiffs urge the court to grant their summary judgment motion on the issue of Miller's contributory negligence.

The issue of contributory negligence is ordinarily a question of fact that a jury resolves.  *Faith*, 127 Md. App. at 746, 736 A.2d at 443.  Meager evidence of negligence is sufficient to submit a case to a jury.  *Fowler v. Smith*, 240 Md. 240, 246, 213 A.2d 549, 554 (1965).  In other words, the evidence however slight must be legally sufficient tending to prove negligence.  Legally sufficient means "that a party who has the burden of proving another party guilty of

negligence, cannot sustain this burden by offering a mere scintilla of evidence, amounting to no more than surmise, possibility, or conjecture that such other party has been guilty of negligence, but such evidence must be of legal probative force and evidential value." *Id.* at 247, 213 A.2d at 554.

In this litigation there are disputed facts about weather conditions at the time of the accident. Some witnesses recall no fog while others recall either patchy fog or heavy fog. A jury may infer from this evidence that it was, in fact, foggy, when the accident occurred and that Miller failed to exercise greater care in operating his tractor-trailer. "A person may not drive a vehicle on a highway at a speed that, *with regard to the actual and potential dangers existing*, is more than that which is *reasonable and prudent under the conditions*." Md. Code Ann., Transp. § 21-801(a) (emphasis added). A jury may similarly infer, based on conflicting testimony, that it was, in fact, dark when the accident occurred and that Miller failed to exercise greater care. The disputed testimonies about weather conditions and visibility cannot be characterized as a surmise, a conjecture or a possibility.

Wilfredo Benitez ("Benitez") was operating a tractor-trailer traveling northbound in the right lane on U.S. Route 301 the morning of the accident. Benitez recalled Miller's tractor-trailer gaining on him, then moving to the left lane. Miller passed Benitez. At this point Benitez estimated he was traveling between 50 - 55 m.p.h. Benitez estimated Miller's speed at between 55 - 60 m.p.h. It is undisputed that the maximum speed at the site of the accident was 55 m.p.h. Benitez's testimony is the only evidence regarding the rate at which Miller was traveling.

From this evidence a jury may infer that Miller was speeding. "A person may not drive a vehicle on a highway at a speed that exceeds [the maximum lawful limit]." Md. Code Ann.,

Transp. § 21-801.1(a). Speeding does not equate to negligence. "'Exceeding the speed limit does not constitute actionable negligence unless it is a proximate cause of injury or damage.'" *Myers v. Bright*, 327 Md. 395, 405, 609 A.2d 1182, 1186 (1992) (citation omitted). A jury may infer, from the evidence, that Miller could have avoided the collision had he traveled at a reduced and lawful speed. Contrarily, the jury may find the accident happened very quickly even if the jury finds Miller was speeding. "The law holds a driver responsible for an accident only when he or she can be blamed for contributing to the event. Negligence that does nothing to cause a mishap cannot create accountability." *Id.* at 407, 609 A.2d at 1188. The disputed evidence is legally sufficient and must be left to a jury to resolve.

Under Maryland law there is a presumption that a decedent exercised ordinary care for his own safety to guard against danger. That presumption however can be undermined by countervailing evidence. Or, the evidence may not clearly establish that the presumption should prevail or that the countervailing evidence has completely dissipated the presumption. In either case, the issue should be submitted to a jury. *Bratton v. Smith*, 256 Md. 695, 703, 261 A.2d 777, 781 (1970).

For the foregoing reasons, the court finds there are genuine issues as to material fact and thus Plaintiffs are not entitled to a judgment on contributory negligence as a matter of law. Fed. R. Civ. P. 56(c). An order will be entered separately denying Plaintiffs' Motion for Summary Judgment on the Issue of Contributory Negligence.

| | |
|---|---|
| January 27, 2006 | /s/ |
| _____ | _____ |
| Date | WILLIAM CONNELLY |
| | UNITED STATES MAGISTRATE JUDGE |