**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

SABRINA MILLER-CHISLEY, et al    )
                                 )
                    Plaintiffs,  )
            v.                   )            Civil No. WGC-05-250
                                 )
BRADWAY TRUCKING, INC.           )
                                 )
                    Defendant.   )
_____ )

**MEMORANDUM OPINION**

Pending before the Court and ready for resolution is Defendant's Motion in Limine (Paper No. 104). Plaintiffs filed a Response (Paper No. 105), a Supplemental Response (Paper No. 106) and Defendant a Reply (Paper No. 107). No hearing is deemed necessary and the Court now rules pursuant to Local Rule 105.6 (D. Md. 2004).

Defendant asks the Court to rule as inadmissible the following evidence:

1.      The driving record of Joseph A. Jobes ("Jobes");

2.      That Jobes is alleged to have fallen asleep behind the wheel of the Bradway truck involved in the accident at issue and/or that he supposedly suffered from a sleeping disorder;

3.      Pictures of decedent, Michael Miller, after the accident;

4.      Testimony of Plaintiffs/Wrongful Death Beneficiaries;

5.      In life pictures of decedent;

6.      Testimonials regarding decedent; and

7.      Testimony by Jobes that he testified falsely during deposition because Bradway's Director of Safety advised him to not tell the truth under oath. *See* Paper No. 104, at 1-2.

1

The first two matters were raised in Defendant's Original Motion in Limine (Paper No. 53) before the first trial. Topics three through six concern evidence introduced during the first trial which Defendant claims are not relevant to the issue of liability. The parties agree that topics #1, #3 and #6 are not relevant. *See* Paper No. 105, at 1-2. Below the Court addresses the four disputed topics.

*Jobes Allegedly Falling Asleep Behind the Wheel and/or Suffering from a Sleep Disorder*:

Plaintiffs agree this evidence is not admissible except for impeachment purposes of Jobes concerning weather conditions at the time of the accident or how the accident occurred. The Court finds the issue resolved and will address any objections to Plaintiffs' cross-examination of Jobes on this topic, if necessary, during trial. *But see* Supplemental Issue *infra*.

*Testimony of Plaintiffs/Wrongful Death Beneficiaries*:

Plaintiffs intend to offer the testimony of the wrongful death beneficiaries "to introduce themselves to the jury, and identify themselves as the daughter[s] of the decedent and/or rebuttal testimony to the Defendant's case." Paper No. 105, at 2. In its Reply, Defendant states, "[t]he upcoming retrial is on the issue of liability only, a topic on which Plaintiffs have no personal knowledge. Their testimony to 'introduce themselves' does not bear on the only issue that the jury will be deciding." Paper No. 107, at 2. The Court finds it would unnecessarily extend the duration of the trial to call each of the four Plaintiffs/Wrongful Death Beneficiaries to the stand to introduce herself to the jury. A more efficient method would be to call **one** Plaintiff/ Wrongful Death Beneficiary to stand. The selected Plaintiff may introduce herself as well as her sisters.

<u>*In Life Pictures of Decedent*</u>:

"The Plaintiffs do intend to offer the pictures of the decedent Plaintiff while he was still alive into evidence.  If the decedent was not killed by the Defendant's negligence, he would have a right to testify about the occurrence."  Paper No. 105, at 2.  In its Reply, Defendant argues Plaintiffs do not explain the relevancy of the photographs.  Presenting such evidence to invoke an emotional response to influence the jury's deliberation on the issue of contributory negligence is inappropriate.  The Court agrees with Plaintiffs that "[t]he jury has a right to view pictures of the decedent Plaintiff before his death in order for them to put a face with a name."  Paper No. 105, at 2.  Plaintiffs however have not indicated ***how many*** photographs they seek to introduce. The Court will permit Plaintiffs to introduce ***two*** photographs only.

<u>*Testimony by Jobes that He Testified Falsely at Deposition per Defendant*</u>:

Plaintiffs seek to reserve the right to elicit this testimony from Jobes.  Defendant asserts this testimony should be excluded per Federal Rule of Evidence 403 for the following reasons:

> Its trustworthiness, as an initial matter, and thus its probative value, must be significantly questioned given that Jobes claims to have been coerced to testify in deposition a year after his discharge from Bradway.  Moreover, what little probative value, if any, such testimony might have is far outweighed by its prejudicial nature and frankly would result in Bradway calling its Safety Director to present in effect rebuttal testimony and thus a mini trial on the issue of whether Jobes in fact was so coerced.

Paper No. 107, at 3.

Defendant has correctly identified the Court's concerns about the admission of such testimony.  Another complication would be Jobes' admission that he perjured himself during his

deposition.  For the above reasons, the Court will ***exclude*** any reference to Jobes allegedly testifying falsely at his deposition per the advice or instruction of Defendant's Director of Safety.

*Supplemental Issue*:

In their Supplemental Response, Plaintiffs note, if Defendant offers portions of Michael Starner's deposition testimony into evidence, "Plaintiffs reserve the right under Federal Rule of Evidence 106 to introduce the remainder of that deposition including, but not limited to, the testimony concerning Joseph Jobes' admission that he fell asleep and that he had a sleeping disorder."  Paper No. 106, at 2.  In its Reply, Defendant states it intends to offer as evidence the portion of Starner's deposition testimony regarding Starner's observations, immediately after the accident, that it was foggy and visibility was poor.  Based on Defendant's proffer, Plaintiffs are not entitled to introduce Starner's deposition testimony about Jobes allegedly falling asleep behind the wheel under Rule 106.

> FRE 106 simply does not require, upon the reading of portions of Starner's deposition relating to his own observations of the visibility conditions immediately after the accident, introduction of portions of his testimony about Jobes falling asleep behind the wheel or having a sleeping disorder.  Plaintiffs do not explain how the reading of Starner's deposition regarding Jobes falling asleep somehow explains or clarifies Starner's observations or about visibility conditions immediately after the accident.  Nor does FRE 106 make admissible that which otherwise on the issue of Jobes falling asleep has been ruled not admissible. . . .  Since Defendant has admitted Jobes' negligence and since the only issue to be retried is whether Michael Miller was contributorily negligent, whether Jobes did or did not fall asleep behind the wheel is irrelevant and in any event not made so by Starner's deposition testimony that it was foggy at the scene immediately after the accident.

Paper No. 107, at 5.

4

Federal Rule of Evidence 106 states,

> When a writing or recorded statement or part thereof is introduced
> by a party, an adverse party may require the introduction at that
> time of any other part or any other writing or recorded statement
> which ought in fairness to be considered contemporaneously with
> it.

The Court assumes Defendant seeks to introduce the following from Starner's deposition:

> Q:  When you were out of the truck at the scene of the accident, after
> the accident has occurred, what is your recollection of the visibility?
>
> A:  It was foggy.  It was like hard to see.  That's all I can remember.
>
> Q:  Can you give us an estimate of how far you could see in the fog?
>
> A:   Maybe like a couple feet in front of me.

Paper No. 46, Ex. 3 (Starner Dep. 51:1 - 8).

If the Court permits this above quoted excerpt from Starner's deposition testimony, the

Court would permit the introduction of the following passage about visibility pursuant to Rule

106:

> Q:   Do you recall, based on your observations at the scene of the
> accident, whether it was at that time pitch black, dusk, light, in other
> words, what the lighting was at the time of your observations?
>
> A:  It was kind of – how would I say – kind of turning light.  You
> know what I'm saying?  Not all the way.  It was still dark.

*Id.*, Ex. 3 (Starner Dep. 52:15 - 21).

A few pages before the excerpts quoted above, Starner was asked to recall the accident.

Starner recalled being in the sleeper berth at the time of the accident.  He was awaken when

thrown against the passenger side of the sleeper.  The first words out of Starner's mouth, after

the collision, was telling Jobes to shut the truck off because the truck was still running.  *Id.*, Ex. 3

(Starner Dep. 45:4 - 46:9).

> Q:  What are you memories after that at the scene of the accident?
>
> A:  It's kind of faint because I was kind of like in and out of it at that point.  I don't remember how I got out of the truck.  I know how I got down from the truck.  [Jobes] and another citizen helped me down out of the truck.  The next thing I remember after they got me down from the truck, I was sitting beside the trailer holding my arm. Before any of the police officers come over, [Jobes] looked to me, and he said don't tell them that I fell asleep.  Those were his exact words.
>
> Q:  And he says that right at the scene?
>
> A:  Yes, even before any of the police officers or anything showed up.  He said that right before anybody showed up.  He looked at me and said don't tell them that I fell asleep.  The reason why I didn't say anything to the police officers, because they didn't ask me.  They just asked me my name and where I was.

*Id.*, Ex. 3 (Starner Dep. 46:10 - 47:7).

On pages 47 - 52 of the August 19, 2005 deposition, Starner is asked general and specific

questions about what he recalled, what he observed, what he overheard, and what conversations

he engaged in at the scene of the accident.  *See id.*, Ex. 3 (Starner Dep. 51:15 - 19). Starner was

asked a *general* question when he disclosed Jobes' admission.  The question was asked in the

context of recalling what occurred immediately after the accident.  This disclosure is

contemporaneous with specific questions about visibility.  Per Rule 106, in all fairness, Starner's

deposition testimony about Jobes' utterance after the accident shall be admitted if Plaintiffs

request.

For the above reasons, an Order will be separately entered granting in part and denying in part Defendant's Motion in Limine.

October 17, 2006                                        /s/
_____                    _____
        Date                                          WILLIAM CONNELLY
                                             UNITED STATES MAGISTRATE JUDGE